Andrea Appleton
864 Ellis Street
Apt. 5F
San Francisco, CA 94109
Tel. (510) 395-7219
Email: andreaappleton77@gmail.com

PLAINTIFF PRO SE

FILED

SEP - 1 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*MEJ*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CV 17 5119**

ANDREA APPLETON,

Plaintiff,

v.

BAY AREA RAPID TRANSIT DISTRICT;
BRYAN TRABANINO; WILSON
VELASQUEZ-OCHOA; JIMMY CHUNG;
ANTWINETTE TURNER,

Defendants.

Case No.

**COMPLAINT**

**PLAINTIFF ANDREA APPLETON complains of Defendants and alleges as follows:**

**I.   JURISDICTION AND VENUE**

1.      Jurisdiction is conferred by 28 U.S.C. Sections 1343(a)(3) and (a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. Section 1983. Jurisdiction is also conferred by 28 U.S.C. Section 1331 because claims for relief derive from the Constitution of the United States and the laws of the United States.

2.      Venue is proper in the United States District Court for Northern District of California pursuant to 28 U.S.C. Section 1391, in that the events and circumstances giving rise to Plaintiff's claims occurred in San Francisco. In addition, Defendant BAY AREA RAPID TRANSIT DISTRICT is headquartered in Oakland and, upon information and belief, all

1  Defendants reside in the State of California.

## II.    PARTIES

3.      Plaintiff Andrea Appleton ("Ms. Appleton" and/or "Plaintiff Appleton") is a resident of San Francisco, California.

4.      Defendant BAY AREA RAPID TRANSIT DISTRICT ("BART") is a governmental entity, duly organized and existing under the laws of the State of California. BART operates the BAY AREA RAPID TRANSIT DISTRICT POLICE DEPARTMENT ("BART PD"). For Plaintiff's state tort claims against BART, she complied with Government Code § 945.6 by presenting a timely administrative claim, which BART rejected.

5.      Defendant BRYAN TRABANINO ("Officer Trabanino") was an officer working for the BART PD, acting within the course and scope of his employment, under color of law, at all relevant times. He is sued in his individual capacity.

6.      Defendant WILSON VELASQUEZ-OCHOA ("Officer Velasquez-Ochoa") was an officer working for the BART PD, acting within the course and scope of his employment, under color of law, at all relevant times. He is sued in his individual capacity.

7.      Defendant JIMMY CHUNG ("Officer Chung") was an officer working for the BART PD, acting within the course and scope of his employment, under color of law, at all relevant times. He is sued in his individual capacity.

8.      Defendant ANTWINETTE TURNER ("Officer Turner") was an officer working for the BART PD, acting within the course and scope of her employment, under color of law, at all relevant times. She is sued in his individual capacity.

9.      Plaintiff Appleton does not know which of the Defendant Officers committed the unlawful physical acts against her directly and which failed to intervene to protect her against those unconstitutional and tortious acts. All four officers are responsible for either the direct unconstitutional and tortious acts or the failure to intervene, or both.

## III.    STATEMENT OF FACTS

10.     In the early afternoon of July 29, 2016, Ms. Appleton was travelling on BART from the East Bay to San Francisco with Michael Smith, her then-boyfriend.  They were going to a

1 | doctor's appointment for her pregnancy. Both are African-American.

2 | 11. Ms. Appleton and Mr. Smith exited the train at Embarcadero Station. As they
3 | stepped onto the platform, Defendant Officers pointed guns in their faces and yelled at them to get
4 | on the ground. Ms. Appleton was shocked to have a weapon pointed at her and officers yelling
5 | loudly without any explanation of what was happening. The officers neither explained to Ms.
6 | Appleton that she was suspected of a crime, nor asked her any questions about her possible
7 | involvement in a crime. Although she was terrified, Ms. Appleton complied with the officers
8 | screaming at her with their guns drawn.

9 | 12. Ms. Appleton got on her knees and began to lie on her stomach when she told the
10 | officers that she was pregnant. Mr. Smith also protested loudly and repeatedly that she was
11 | pregnant. The officers nevertheless handcuffed Ms. Appleton behind her back and one or more
12 | officers placed a knee in her back. The bodyweight of the officer(s) put painful pressure on Ms.
13 | Appleton's back and pelvis.

14 | 13. The officers' assault of Ms. Appleton violated BART PD's own policy against
15 | handcuffing a pregnant woman on her stomach.

16 | 14. After the period during which officer(s) pressed Ms. Appleton's torso and pelvis
17 | against the train platform, they raised her back to her feet, still handcuffed.

18 | 15. In fact, neither Ms. Appleton nor Mr. Smith had committed any crime.

19 | 16. The excessive force used by the officers was pursuant to the policy, practice, and
20 | custom of BART PD. A BART Deputy Police Chief stated publicly that the officers' actions were
21 | appropriate and "they did what they were trained to do."

22 | 17. On July 30, 2016, the day after BART PD officers assaulted Ms. Appleton, she
23 | developed severe complications to her pregnancy, and had a miscarriage.

24 | 18. As a result of the acts and/or omissions of defendants, and each of them, Ms.
25 | Appleton suffered and will continue to suffer general damages including pain and suffering, fear,
26 | anxiety, humiliation, and emotional distress in an amount to be determined according to proof. Ms.
27 | Appleton also received serious permanent physical injuries which impact her quality of life and
28 | daily life activities in an amount to be determined according to proof.

19. Ms. Appleton has also incurred and will continue to incur medical treatment and related expenses in amounts to be determined according to proof.

20. Ms. Appleton has further suffered lost wages and employment opportunities in amounts to be determined according to proof.

## IV. CAUSES OF ACTIONS

### FIRST CAUSE OF ACTION

[42 U.S.C. §1983—Fourth Amendment]

21. Plaintiff Appleton re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

22. Plaintiff Appleton alleges on information and belief that Officers Trabanino, Velasquez, Chung, and Turner were acting under color of state law and in the course and scope of their employment.

23. In doing the acts and/or omissions alleged herein, Officers Trabanino, Velasquez, Chung, and Turner used intentional and unreasonable force against Plaintiff Appleton in violation of her rights under the Fourth Amendment to the United States Constitution.

24. Defendants' use of excessive force was a substantial factor in causing Ms. Appleton harm.

### SECOND CAUSE OF ACTION

[42 U.S.C. §1983—Fourteenth Amendment]

25. Plaintiff Appleton re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

26. In doing the acts and/or omissions alleged herein, Officers Trabanino, Velasquez, Chung, and Turner were deliberately indifferent to Ms. Appleton's health and safety in violation of the Fourteenth Amendment to the United States Constitution. Alternatively, these defendants acted with a purpose to harm the plaintiff, unrelated to any legitimate police purpose.

27. Defendants' use of punitive excessive force was a substantial factor in causing plaintiff's harm.

WHEREFORE, plaintiff prays for relief as set forth herein.

1

## THIRD CAUSE OF ACTION

2
[42 U.S.C. §1983—*Monell* Liability]

3       28.     Plaintiff Appleton re-alleges and incorporates by reference as though fully set forth

4   herein all prior paragraphs of this Complaint.

5       29.     Municipal defendant BART was responsible for ensuring the health and safety of

6   the individuals placed in their custody. This included but was not limited to protecting those in

7   custody from excessive or punitive uses of force.

8       30.     BART has determined this use of force was within its use of force policies.

9       31.     Plaintiff Appleton alleges on information and belief that the acts or omissions of

10  Officers Trabanino, Velasquez, Chung, and Turner were caused by BART's: (1) customs or *de*

11  *facto* policies which authorized, encouraged and/or condoned using excessive or punitive force in

12  violation of the Fourth and/or Fourteenth Amendments to the United States Constitution; and/or

13  (2) failure to promulgate appropriate policies with respect to the use of excessive or punitive force;

14  and/or (3) deliberate indifference to the use of excessive or punitive force; and/or (4) inadequate

15  and arbitrary training, supervision, and/or discipline of officers regarding the use of force; and/or

16  (5) ratification by final decision-makers. These failures and actions constituted deliberate

17  indifference to BART's obligation to insure the preservation and protection of an individual's

18  Constitutional rights.

19      32.     Plaintiff Appleton alleges on information and belief that BART knew or should

20  have known that its acts and omissions would likely result in a violation of the Fourth and

21  Fourteenth Amendment rights of a person in Ms. Appleton's situation.

22      33.     Ms. Appleton alleges on information and belief that the BART's acts and

23  omissions were a moving force in the deprivation of Ms. Appleton's constitutional rights and

24  injuries she suffered.

25          WHEREFORE, plaintiff prays for relief as set forth herein.

26                              **FOURTH CAUSE OF ACTION**

27                              [California Civil Code §52.1]

28      34.     Plaintiff Appleton re-alleges and incorporates by reference as though fully set forth

1  herein all prior paragraphs of this Complaint.

2      35.    In doing the acts and/or omissions alleged herein, Officers Trabanino, Velasquez,

3  Chung, and Turner and BART through *respondeat superior* committed acts of violence against

4  Ms. Appleton in violation of her rights under the Fourth Amendment and Fourteenth Amendment

5  to the United States Constitution.

6      36.    Defendants' conduct was a substantial factor in causing Plaintiff Appleton harm.

7  WHEREFORE, plaintiff prays for relief as set forth herein.

8                              **FIFTH CAUSE OF ACTION**

9                          [California Government Claims Act]

10      37.    Plaintiff Appleton re-alleges and incorporates by reference as though fully set forth

11  herein all prior paragraphs of this Complaint.

12      38.    BART if liable for the state torts committed against Ms. Appleton by all its

13  officers involved, including, but not limited to, assault, negligence, and false arrest.

14  WHEREFORE, plaintiff prays for relief as set forth herein.

15                              **V. PRAYER FOR RELIEF**

16  WHEREFORE, plaintiff prays for judgment against defendants, as follows.

17      1.    For compensatory and economic damages according to proof;

18      2.    For general damages according to proof;

19      3.    For an award of attorneys' fees and costs;

20      4.    Injunctive relief to remedy the unlawful practices alleged herein; and,

21      5.    For other and further relief as the Court may deem just, necessary and appropriate.

22                              **VI. DEMAND FOR JURY TRIAL**

23  Plaintiff hereby requests a jury trial on all issues so triable.

25  Dated: September 1, 2017                    Respectfully submitted,

28                                             Andrea Appleton
                                               *Plaintiff Pro Se*